IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES | * | |
| | * | |
| vs. | * | Criminal No. 18-0062-B |
| | * | TO BE FILED UNDER SEAL |
| JOSE PACHECO and | * | |
| MANUEL VARGAS-ESCOBAR | * | |

## APPLICATION FOR MATERIAL WITNESS WARRANT

Comes now the United States, by and through the United States Attorney for the Southern District of Alabama, and through this application moves this Court for a material witness warrant for the arrest of ▮▮▮▮▮▮▮▮, and that conditions of release, if any, may be imposed in accordance with the provisions of Title 18, United States Codes, Section 3144, and in support of said application, shows the Court as follows:

1. ▮▮▮▮▮▮▮▮ is a material witness needed to testify in federal court against the above-captioned defendants.

2. Jose Pacheco is charged with transportation of illegal aliens and ▮▮▮▮▮▮▮▮ is one of the aliens that Pacheco is charged with smuggling. His testimony is necessary and material to the case against Pacheco.

3. ▮▮▮▮▮▮▮▮ is a citizen of Mexico and entered the United States illegally. He has no known contacts to this district. He is subject to deportation back to Mexico.

3. The Government submits that these facts justify the issuance of a material witness arrest warrant be issued for ▮▮▮▮▮▮▮▮ to appear as a material witness in federal court.

Respectfully submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY

By:/s/*Maria E. Murphy*
Maria E. Murphy
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602
(251)441-5845
(251)441-5131 fax

## AFFIDAVIT FOR MATERIAL WITNESS WARRANT

I, Hector Torres, being duly sworn, depose and state:

1. I am a Border Patrol Agent with the U.S. Department of Homeland Security (DHS), Customs and Border Protection (CBP), U.S. Border Patrol (USBP), assigned to the Mobile, Alabama Border Patrol Station. I have been employed by the U.S. Border Patrol since December 1998.

2. As part of my daily duties, I investigate violations of federal law, criminal and administrative, such as violations pertaining to individuals who are unlawfully present in the United States. Moreover, I investigate violations of Title 8, United States Code (U.S.C.), Section 1325, Improper Entry by an Alien, 1324 Alien Smuggling, 1326, Re-entry of Removed Aliens.

3. As a Border Patrol Agent, my duties regularly include the identification and apprehension of individuals for administrative and criminal law violations. As a Border Patrol Agent, I have received training and experience in investigating violations of Title 8 U.S.C. 1325, 1324, and 1326.

4. I am familiar with the information contained in this Affidavit based upon the investigation I conducted and based on my conversations with other law enforcement officers.

5. Because this Affidavit is being submitted for the limited purpose of securing an arrest warrant, I did not include each and every fact known to me concerning this investigation. I have set forth only those facts I believe are necessary to establish

probable cause to believe that evidence of violations of Title 8, U.S.C., Section 1324, 1325, and 1326. Where statements of others are set forth in this Affidavit, they are set forth in substance and in part.

6. On or about May 21, 2018 BPA Hector Torres was conducting interdiction operations with the Mobile County Sherriff's Office on I-10.

7. At about 1210 Deputy Aubrey Bishop performed a vehicle stop near mile marker two, Eastbound I-10 on a Ford 500 with Tennessee license 0C59A0. .

8. Agent Torres pulled behind the deputy as back up.

9. Deputy Bishop identified himself and informed the driver, identified as PACHECO, Jose why he was stopped.

10. Deputy Bishop asked PACHECO for his driver's license and PACHECO produced a passport from Honduras.

11. Deputy Bishop asked PACHECO to step out of the vehicle. Agent Torres asked PACHECO if he had any immigration documents. PACHECO stated that he did not.

12. Deputy Bishop asked the three passengers of the vehicle for identification. The passengers produced identification cards from Mexico.

13. Agent Torres asked PACHECO who the passengers were. PACHECO stated that they were workers and that he was taking them to Tennessee.

14. Agent Torres asked the passengers if they had any immigration documents and they all stated that they did not.

15. Agent Silva and PAIC Smith arrived at the scene to assist.

16. All occupants were taken into custody and were transported to the Mobile, Alabama Border Patrol Station for further investigation.

17. At the station Agent Torres interviewed all three passengers.

18. ▮▮▮▮, and ▮▮▮ stated that together they crossed the Mexico/United States border illegally. They stated that they traveled to San Antonio, Texas and stayed in a Hotel.

19. ▮▮▮ stated that he paid $7,000 to be smuggled into the United States. ▮▮▮ stated that he paid $6,300 to be smuggled into the United States and ▮▮▮ stated that he paid 160,000 Mexican Pesos to be smuggled into the United States.

20. They stated that PACHECO arrived near the Hotel where they stayed and picked them up.

21. They stated that they have never seen PACHECO nor do they know him.

22. ▮▮▮ stated that he was going to pay PACHECO $1,000 for the trip to North Carolina. ▮▮▮ stated that he was going to pay PACHECO $1,000 for the trip to Chicago, IL. ▮▮▮ stated that he was going to pay PACHECO $500 for the trip to Ohio.

23. On 05/21/2018, at about 1445 Agent Torres read PACHECO his Miranda Rights. PACHECO stated that he understood his rights and that he was willing to answer questions without an attorney present.

24. PACHECO stated that on 05/20/2018 he was in New Orleans, LA and that his wife asked him if he could drive to San Antonio, TX to pick up her cousin's son, who just crossed the border.

25. PACHECO agreed to drive to San Antonio, TX and left New Orleans, LA.

26. He stated that on his way to San Antonio, TX he received a phone call from the father of ▮▮▮ (his wife's cousin), telling him that there were two more males with his

son and if he could give them a ride. He was told that one of them was going to North Carolina.

27. PACHECO stated that he received a text with a picture of a hotel business card where the three males were waiting.

28. PACHECO stated that he arrived near the hotel and told the three males to get in the vehicle.

29. He stated that he asked the passengers their destination. ▮ told him North Carolina, ▮ told him Chicago, IL and ▮ told him Ohio.

30. PACHECO stated that ▮'s father was going to pay him $500, ▮ was going to pay him $800 and ▮ was going to pay him $1,000.

31. PACHECO stated that he knew ▮ was in the United States illegally and he stated that he assumed the other two males were also illegally in the United States.

32. Records search revealed that ▮ has criminal convictions for Assault Inflicting Serious Injury, Driving While Intoxicated, and Fishing Without a License from the Monroe, NC Police Department.

33. Immigration Records search revealed that the Charlotte, NC Immigration and Customs Enforcement, Enforcement and Removal Office encountered ▮ at the Union County jail. Upon the conclusion of his criminal case ICE/ERO granted him a Voluntary Departure.

34. Immigration Records revealed that ▮ has three apprehensions. On 04/22/2007 he was granted a Voluntary Returned to Mexico. On 03/03/2013 he received an Expedite Removal from the United States. On 03/12/2013 he was processed as a Reinstatement of a Prior Order of Removal.

35. I believe the testimony of ███████████ is material to the prosecution of PACHECO.

36. I have probable cause to believe that this witness' a) lack of ties to the community, b) lack of lawful entitlement to come to, enter, or reside in the United States, and c) his impending deportation makes him a flight risk and makes it impractical to secure his presence at trial by subpoena.

*Hector Torres H.T.*
Hector Torres
Border Patrol Agent
U.S. Border Patrol

THE ABOVE AGENT HAS ATTESTED
TO THIS AFFIDAVIT PURSUANT TO
FED. R. CRIM. P. 4.1(b)(2)(B) THIS 24th
DAY OF MAY 2018

SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE